**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 21-CR-14027-CANNON/Galler**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**ROBERT ALAN PIRSON,**

**Defendant.**

______________________________________/

# REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned upon United States District Judge Aileen M. Cannon's referral [ECF No. 58] of Defendant's Motion for Modification of Supervised Release to allow minor contact with adult supervision [ECF No. 57]. After reviewing the Motion [ECF No. 57], its attachments including Safety Plan, letters from Defendant's wife, two adult daughters, and their spouses [ECF No. 57-1], the government's response [ECF No. 59], probation's response, the record, and relevant authorities, the undersigned recommends that the Court **DENY** Defendant's motion.

## I. Background

In December 2021, Defendant pleaded guilty to Count One of an Information charging him with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) [ECF No. 29]. The charge resulted from Defendant using his work computer to download over 1,000 images of child pornography [ECF No. 30 at 2]. When his employer confronted him, Defendant admitted he

downloaded pornography but said none of the images depicted girls younger than twelve years old [ECF No. 30 at 2]. During a later interview with law enforcement, Defendant admitted to downloading and viewing child pornography [ECF. No. 30 at 2]. He told agents that this was not the first time he was caught because he had been fired from a previous job for the same conduct [PSI ¶ 19].

Electronic evidence from Defendant's work computer indicated that he used search phrases including "Budding Young Teen Bath," "Young Girls in Bath Together," and "Pre Pub Pussy" [PSI ¶ 17] and transferred nearly 100,000 files to a USB device that was never recovered [PSI ¶¶ 17, 20]. A forensic examination of devices seized from his home revealed that he stored child pornography and accessed images over the course of years [ECF No. 30 at 3]. Defendant possessed over 3,500 images and 16 videos of child pornography that included prepubescent children and involved sadistic and masochistic conduct [PSI ¶ 22]. The Court sentenced Defendant to a five-year prison term, followed by fifteen years of supervised release with a special condition that he "have no personal, mail, telephone, or computer contact with children/minors under the age of 18" [ECF No. 48 at 2, 3, 5]. Defendant agreed to pay $8,000 in restitution [ECF No. 53].

Earlier this year, before he was released from custody, Defendant moved to modify his supervised release to allow him to have contact with minor family members [ECF No. 54]. The Court denied the motion, noting that Defendant had not begun his term of supervised release and that there was no record of compliance or additional evaluations [ECF No. 56].

## II. Defendant's Motion and Responses Opposing Relief

In late September, about four months into his term of supervision, Defendant filed a pro se motion requesting modification of his no-contact-with-minors special condition to allow him to have contact with his four grandchildren [ECF No. 57 at 1]. He said the restriction limits his

"chances to spend quality time with family" and that his adult daughters "know that [he] is not any risk or danger to any child or any other member of the public" [ECF No. 57 at 1]. He attributes his offense to "an addiction to pornography," for which he is "extremely remorseful" [ECF No. 57 at 1]. He says he became "a more committed, obedient, and better Christian" during his time in prison [ECF No. 57 at 1]. He is working full time, has paid his restitution, and attended weekly treatment and monthly individual counseling sessions [ECF No. 57 at 1]. He asserts that his counselor is "in agreement that [he] should be able to see and be a part of [his grandkids' and families' lives [ECF No. 57 at 1–2]. Defendant's wife, two daughters, and their spouses wrote letters supporting Defendant having supervised contact with his four grandchildren (one age 4, two about age 2, and one infant) [ECF No. 57-1 at 2–6].

Probation opposes the modification, noting that Defendant has only been on supervised release for a few months and has not had much opportunity to benefit from supervision during that brief time. The government shares the view that the record remains insufficiently developed to support modifying Defendant's terms of supervised release to allow contact with minors [ECF No. 59].

**III. Discussion**

The undersigned agrees with probation and the government. While the Court can exercise its authority to modify Defendant's supervised release conditions "at any time prior to the expiration or termination of the term of supervised release" under 18 U.S.C. §3583(e)(2), the Court must consider the factors set forth in 18 U.S.C. §3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Those include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to afford adequate deterrence, protect the public, and provide the defendant needed treatment. All those factors weigh against

allowing Defendant to have contact with minors. He committed a serious offense. *See United States v. Sotelo*, 130 F.4th 1229, 1242 (11th Cir. 2025) (recognizing that "[t]he public must be prevented from possessing child pornography"). Defendant's possession of child pornography spanned years, and he saved thousands of images. By his own admission, he suffers from an addiction—one which was so powerful that it caused him to be fired from two jobs and resulted in a five-year prison sentence. He initially minimized his conduct, lying to his employer that he did not have pornography of children younger than twelve, while he had specifically searched for images of prepubescent children. That Defendant has found employment, paid restitution, and been attending group and individual therapy sessions is heartening. But such a brief record of compliance does not alleviate concerns about protecting young children who are incapable of protecting themselves. Defendant's family support is noteworthy, but the record overall does not justify modifying his conditions of supervision to allow him to have contact with minors so early in his fifteen-year term.

This decision can be made on the existing record without holding a hearing. Fed. R. Crim. P. 32.1(c)(2)(B) (noting an exception to the hearing requirement where "the relief sought is favorable to the person and does not extend the term of probation or of supervised release"). Defendant's motion seeks relief favorable to him and does not extend his term of supervision.

## RECOMMENDATION

For all these reasons, the undersigned respectfully **RECOMMENDS** that the Court **DENY** Defendant's Motion [ECF No. 57].

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with presiding United

States District Judge Aileen M. Cannon. *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a). Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 22nd day of October, 2026.

The Clerk of Court shall mail a copy of this Report and Recommendation to Defendant and file a Notice of Compliance confirming same.

BRANDY BRENTARI GALLER
UNITED STATES MAGISTRATE JUDGE

cc: Robert Pirson
960 SE Waterside Way
Stuart, FL 34997
PRO SE